IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMSTED INDUSTRIES INCORPORATED,**

    **Plaintiff,**

v.                                                               Case No. 11-cv-659-DRH

**TIANRUI GROUP FOUNDRY COMPANY LTD.; CSR QISHUYAN LOCOMOTIVE COMPANY, LTD.; STANDARD CAR TRUCK COMPANY, INC.; WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION; ČKD KUTNÁ HORA, A.S.; and OMNICAST, LLC,**

    **Defendants.**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Plaintiff filed its Amended Complaint on August 17, 2011 (Doc. 11). The record shows that defendant Omnicast, LLC (Omnicast) was served on August 19, 2011, and that its responsive pleading was due by September 9, 2011 (Doc. 15). Because Omnicast had not responded to the Amended Complaint, on September 16, 2011, plaintiff moved for an entry of default, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55(a) (Doc. 21). On September 20, 2011, the Clerk made an entry of default against defendant Omnicast (Doc. 23). Plaintiff did not, thereafter, move for a default judgment, pursuant to Rule 55(b), against Omnicast. Instead, on September 29, 2011, defendant Omnicast filed the instant Motion to Set Aside Entry of Default (Doc. 31). For the following reasons, the

Court grants the Motion, setting aside the Clerk's entry of default against defendant Omnicast.

Rule 55(c) provides: "The Court may set aside an entry of default for good cause." Rule 55(c) "requires 'good cause' for the judicial action, not 'good cause' for the defendant's error . . . . Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy." *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). "In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *see Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 630 (7th Cir. 2009). Good cause is demonstrated when failure to file a timely appearance was due to inadvertence rather than a willful ignoring of the pending litigation. *See Cracco*, 559 F.3d at 631.

Defendant Omnicast asserts that good cause does exist to allow the entry of default to be set aside. Its reason for the entry of default was "miscommunication, misunderstanding or ignorance" on the part of Omnicast's president, Vaughn W. Makary (Doc. 32, p. 3). First, Makary believed defendant Standard Car Truck Company, Inc. would take the steps necessary to adequately represent defendant Omnicast in the instant action. Second, Makary mistakenly thought no appearance in the suit was required of defendant Omnicast as it had not imported the castings which are the subject of the underlying suit in over a

year. Third, Makary did not understand the default procedure (Doc. 31, Att. #2-Makary Affidavit, ¶¶ 9-11; Doc. 32, p. 3).

Defendant Omnicast also asserts it took quick measures to correct its default. The Clerk entered the entry of default on September 20, 2011. Subsequent to the entry, Omnicast began preparing the instant motion. Omnicast filed the instant motion on September 29, 2011, nine days after the Clerk entered default against it (Doc. 32, p. 4).

Along with assertions of good cause and quick action to correct the default, defendant Omnicast believes it has one or more meritorious defenses to plaintiff's suit. Defendant Omnicast asserts it has not imported the castings in question since approximately one year prior to the filing of the instant underlying dispute. Moreover, defendant Omnicast contends the casts in question were made using technology well-known prior to 1996; thus, the alleged inventions disclosed in the patents-in-suit were not novel and/or obvious at the time filed. As a result, defendant Omnicast alleges the patents-in-suit invalid pursuant to 35 U.S.C. §§ 102, 103, 282(2). Further, defendant Omnicast asserts the defense of laches (Doc. 32, p. 5).

Although ignorance of the law is no excuse, as it is within the Court's discretion and because the law favors a resolution of claims upon the merits, the Court finds defendant Omnicast met the Rule 55(c) requirements to set aside the entry of default. Therefore, the Motion to Set Aside Entry of Default (Doc. 31) is **GRANTED**. Accordingly, the Clerk's Entry of Default against defendant Omnicast

(Doc. 23) is hereby **SET ASIDE**.  Defendant Omnicast is ordered to file its Answer or other responsive pleadings by **October 10, 2011.**

    **IT IS SO ORDERED**.

    Signed this 3rd day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.03 10:38:27 -05'00'

**Chief Judge**
**United States District Court**